# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs February 7, 2006

## JERRY L. COWAN v. DAVID MILLS, WARDEN

**Direct Appeal from the Circuit Court for Lauderdale County**
**No. 5990    Joseph H. Walker, III, Judge**

———————————

**No. W2005-02068-CCA-R3-HC  - Filed February 28, 2006**

———————————

The petitioner, Jerry L. Cowan, pled guilty in the Blount County Circuit Court to second degree murder, and he received a sentence of thirty-five years as a Range II offender. Subsequently, he filed in the Lauderdale County Circuit Court a petition for a writ of habeas corpus, alleging that his sentence was void. The habeas corpus court dismissed the petition without the appointment of counsel or an evidentiary hearing. The petitioner appeals that dismissal. Upon our review of the record and the parties' briefs, we affirm the judgment of the habeas corpus court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court is Affirmed.**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which DAVID H. WELLES and JERRY L. SMITH, JJ., joined.

Jerry L. Cowan, Henning, Tennessee, Pro se.

Paul G. Summers, Attorney General and Reporter, David H. Findley, Assistant Attorney General; and Elizabeth T. Rice, District Attorney General, for the appellee, State of Tennessee.

## OPINION

### I.  Factual Background

The record before us reflects that the petitioner was originally indicted for first degree premeditated murder. On May 2, 1991, the petitioner pled guilty to second degree murder. The petitioner acknowledges that "[i]n exchange for [his] plea of guilty, [he] was sentenced to (35) thirty-five years, as a Range II Multiple Offender, at (35%) thirty-five percent." Subsequently, the petitioner filed a petition for a writ of habeas corpus, alleging that "he is being held in restraint of his liberty pursuant to an illegal sentence of thirty five years, imprisonment as a Range II multiple offender, absent prior convictions." Additionally, the petitioner argued that Blakely v. Washington, 542 U.S. 296, 124 S. Ct. 2531 (2004), entitled him to habeas corpus relief. The petitioner contended

that Blakely "found that defendants may not be sentenced outside their predetermined sentencing range, unless such factors used to do so, were found by a jury."

The habeas corpus court dismissed the petition without appointment of counsel or an evidentiary hearing. The court found that Blakely did not apply retroactively to cases on collateral appeal and did not entitle the petitioner to relief. Further, the court found that the trial court had the jurisdiction to impose the sentence the petitioner received. On appeal, the petitioner contests this ruling.

## II. Analysis

Initially, we note that the determination of whether to grant habeas corpus relief is a question of law. McLaney v. Bell, 59 S.W.3d 90, 92 (Tenn. 2001). As such, we will review the trial court's findings de novo without a presumption of correctness. Id. Moreover, it is the petitioner's burden to demonstrate, by a preponderance of the evidence, "that the sentence is void or that the confinement is illegal." Wyatt v. State, 24 S.W.3d 319, 322 (Tenn. 2000).

Article I, § 15 of the Tennessee Constitution guarantees an accused the right to seek habeas corpus relief. See Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). However, "[s]uch relief is available only when it appears from the face of the judgment or the record of the proceedings that a trial court was without jurisdiction to sentence a defendant or that a defendant's sentence of imprisonment or other restraint has expired." Wyatt, 24 S.W.3d at 322; see also Tenn. Code Ann. § 29-21-101 (2000). In other words, habeas corpus relief may be sought only when the judgment is void, not merely voidable. Taylor, 995 S.W.2d at 83. "A void judgment 'is one in which the judgment is facially invalid because the court lacked jurisdiction or authority to render the judgment or because the defendant's sentence has expired.' We have recognized that a sentence imposed in direct contravention of a statute, for example, is void and illegal." Stephenson v. Carlton, 28 S.W.3d 910, 911 (Tenn. 2000) (citations omitted).

First, we note that we agree with the habeas corpus court that Blakely would not entitle the petitioner to habeas corpus relief. Recently, in State v. Gomez, 163 S.W.3d 632, 661 (Tenn. 2005), a majority of our supreme court found that, unlike the sentencing scheme discussed in Blakely, "Tennessee's sentencing structure does not violate the Sixth Amendment." Moreover, this court has previously held that Blakely does not establish a new watershed rule, and that Blakely does not apply retroactively to cases on collateral appeal. See Donald Branch v. State, No. W2003-03042-CCA-R3-PC, 2004 WL 2996894, at *10 (Tenn. Crim. App. at Jackson, Dec. 21, 2004), perm. to appeal denied, (Tenn. 2005); Carl Johnson v. State, No. W2003-02760-CCA-R3-PC, 2005 WL 181699, at *4 (Tenn. Crim. App. at Jackson, Jan. 25, 2005), perm. to appeal denied, (Tenn. 2005).

On appeal, the petitioner maintains that because he had no prior convictions, the trial court erroneously classified him as a Range II offender. The petitioner acknowledges that he pled guilty to second degree murder, a lesser-included offense of the charged offense of first degree murder, in

exchange for a sentence of thirty-five years as a Range II offender. This court has previously stated that offender classifications "are non-jurisdictional and legitimate bargaining tools in plea negotiations under the Criminal Sentencing Reform Act of 1989." Bland v. Dukes, 97 S.W.3d 133, 134 (Tenn. Crim. App. 2002). Moreover, "a knowing and voluntary guilty plea waives any irregularity as to offender classification and release eligibility." Hicks v. State, 945 S.W.2d 706, 709 (Tenn. 1997); see also McConnell v. State, 12 S.W.3d 795, 798 (Tenn. 2000). Accordingly, the sentence the petitioner agreed to and ultimately received is not illegal. Thus, the petitioner is not entitled to habeas corpus relief.

### III. Conclusion

Based upon the foregoing, we affirm the judgment of the habeas corpus court.

_____
NORMA McGEE OGLE, JUDGE